IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NANCY C. AUSTIN,

   Plaintiff,

    v.

WAL-MART STORES, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:10-CV-3556-TWT

ORDER

This is an employment discrimination case brought under the Age Discrimination in Employment Act ("ADEA"). It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 47] and the Defendant's Motion to Strike the Declaration of Plaintiff Nancy C. Austin [Doc. 54]. For the reasons set forth below, the Defendant's Motion for Summary Judgment [Doc. 47] is GRANTED and the Defendant's Motion to Strike the Declaration of Plaintiff Nancy C. Austin [Doc. 54] is DENIED AS MOOT.

I. Background

Plaintiff Nancy Austin was employed by Defendant Wal-Mart Stores, Inc. from December 3, 1996 until May 29, 2008, when she was terminated. (See Statement of

Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J. ¶¶ 1, 35, 55). The Plaintiff alleges that her termination was the result of illegal age discrimination.

At the time of her termination, the Plaintiff held the position of Training Coordinator at Wal-Mart's Powder Springs store. (See id. ¶ 5). As Training Coordinator, the Plaintiff was familiar with Wal-Mart's Coaching for Improvement Policy, which laid out the levels of discipline for worker infractions. (Id. ¶ 8). Under the policy, falsification of company documents was listed as gross misconduct and grounds for termination. (Id. ¶ 9).

In May 2008, Tammy Jones, the Asset Protection Coordinator at the store where the Plaintiff worked, and Linda Taylor, the Store Personnel Manager, discovered that the social security numbers of two applicants applying to Wal-Mart through its "Career Preference System," a computer questionnaire that ranks prospective employees, had been slightly transposed. (Id. ¶¶ 13-14). Jones investigated further and found that the applicants were ranked as tier 2 applicants after their first tests, and she further found that each applicant had taken a second test with a slightly different social security number and earned the superior tier 1 rank. (Id. ¶¶ 19-25). Suspecting that the applicants had retested using false social security numbers, Jones reviewed the closed-circuit security coverage of the in-store application kiosks and discovered that the Plaintiff took the second tests for both

applicants without the applicants present. (Id. ¶¶ 24-30). Jones completed her investigation and forwarded her findings to her superiors. (Id. ¶¶ 30-34).

After receiving Jones' report, Doug Victer, the store's Market Asset Protection Manager, interviewed the Plaintiff about the findings. (Id. ¶ 35). The Plaintiff admitted that she changed social security numbers in order to place specific candidates into the highest prospective candidate ranking. (Id. ¶ 37). She stated she was pressured to hire these two candidates but did not state who pressured her. (Id. ¶¶ 36, 39). In the declaration attached to her opposition brief, however, the Plaintiff provides more detail. The Plaintiff states that store managers Stephanie Nowden and Damon Shope directed her to do what was necessary in order to hire the prospective employees. (Austin Decl. ¶ 6). When the Plaintiff informed the managers that the prospective employees had respectively scored too low on the assessments, Shope told her to "fix it," and Nowden separately told her "I don't want to hear that. [The applicant] has already been hired. You need to do whatever it takes to make it happen." (Id. ¶¶ 7-8). Based on these conversations, the Plaintiff took the assessment tests for the two applicants. Nowden saw the Plaintiff at the application kiosk and asked her what she was doing. The Plaintiff responded "making it happen," and Nowden walked away and said "I don't want any details." (Id. ¶ 9). At the close of the interview with Victer, the Plaintiff wrote a statement apologizing for any

wrongdoing. (See Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J. ¶ 49). After the interview, the Plaintiff's superiors, including Victer and Nowden, decided to terminate the Plaintiff for gross misconduct. (Id. ¶¶ 50-53, 55-56).

The Plaintiff contends her termination was the result of illegal age discrimination. The Plaintiff points to several statements made before her termination and at the time of her termination to support her contention. In May 2008, the Plaintiff was interviewed for the position of People Manager by Nikki Hester, a Market Personnel Manager. The Plaintiff told Hester that she hoped to stay with Wal-Mart until retirement. The Plaintiff contends that Hester responded that family and other things in life are more important than employment at Wal-Mart. The Plaintiff states that it was "clear to me from the words that Ms. Hester used as well as from the tone in which they were communicated, that Ms. Hester was trying to dissuade me from remaining with Wal-Mart." (Austin. Decl. ¶ 3). Additionally, when she was terminated, the Plaintiff alleges that Victer told her the termination was "a blessing in disguise" because "as we get older we shouldn't have to work so hard." (Austin Decl. ¶ 12).

## II. Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

"Under the ADEA, a plaintiff bears the ultimate burden of proving that age was a determining factor in the employer's decision [to terminate her]." Van Voorhis v. Hillsborough County Bd. of County Comm'rs., 512 F.3d 1296, 1300 (11th Cir. 2008) (citing Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989)). "A plaintiff may establish a claim of illegal age discrimination through either direct evidence or circumstantial evidence." Id. Direct evidence is "evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation

complained of by the employee." Id. (quoting Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1086 (11th Cir. 2004) (internal quotation marks omitted)). Direct evidence consists of "only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age." Id. (quoting City of Miami, 870 F.2d at 582) (internal quotation marks and alterations omitted)).

Here, the Plaintiff has not produced any direct evidence of age discrimination. The most blatant comment adduced in her declaration is Victer's comment that the termination was a "blessing in disguise" because "as we get older we shouldn't have to work so hard." (Austin Decl. ¶ 12). Victer himself does not remember making this statement, and Nowden's deposition testimony as well as the language itself suggests that Victer was more likely attempting to console the Plaintiff. (See Victer Dep. at 29; Nowden Dep. at 25). In any event, even assuming that Victer did make the remark, his statement was not one "whose intent could be nothing other than to discriminate on the basis of age." Van Voorhis, 512 F.3d at 1300. Accordingly, even at the summary judgment stage, the Plaintiff has not carried her burden of showing age discrimination through direct evidence.

The absence of direct evidence is not necessarily fatal to the Plaintiff's claim under the ADEA. In the Eleventh Circuit, a plaintiff can establish age discrimination under the ADEA via circumstantial evidence under the standard set forth in Gross v.

FBL Financial Servs., Inc., 557 U.S. 167, 177-78 (2009), or by satisfying the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Hawthorne v. Baptist Hospital Inc., 448 Fed. Appx. 965, 968 (11th Cir. 2011) (reviewing ADEA age discrimination claims supported by circumstantial evidence under both Gross and McDonnell Douglas).

Under Gross, to establish a claim for disparate treatment under the ADEA, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Financial Servs., Inc., 557 U.S. 167, 177-78 (2009). The plaintiff must do more than establish that age was a motivating factor in the employer decision. Id.

The Plaintiff's evidence does not show that age was the but-for cause of her termination. Indeed, the evidence of discriminatory conduct is nonexistent. The Plaintiff has shown that a human resources employee, Nikki Hester, may have discouraged the Plaintiff from seeking promotions or continued employment at Wal-Mart because of her age. The Plaintiff's evidence in this respect is solely her subjective impression of Hester's statement that some things in life are more important than working at Wal-Mart. The Plaintiff's subjective impression from Hester's relatively tame statement does not indicate that the but-for cause of the Plaintiff's termination was her age. Likewise, the Plaintiff has provided evidence that

when she was terminated Victer told her the termination was a "blessing in disguise" because "as we get older we shouldn't have to work so hard." (See Austin Decl. ¶ 12). The deposition testimony suggests that this statement was conciliatory given the Plaintiff's "state of shock" following her termination. (See Victer Dep. at 29; Nowden Dep. at 22, 25; Austin Dep. at 104). In any event, Victer's statement does not indicate that the Plaintiff's age was the but-for cause of her termination because the Plaintiff had already been terminated for gross misconduct which she had admitted to when Victer made the utterance. Victer's statement and Hester's statement do not implicate age discrimination.

In Mora v. Jackson Memorial Foundation, Inc., 597 F.3d 1201 (11th Cir. 2010), an illustrative example, the Eleventh Circuit held that various statements made by management and other employees surrounding the plaintiff's termination did suggest illegal age discrimination. The statements in Mora were much more explicit and more frequent than the statements here. The plaintiff in Mora was fired and told by her supervisor that "I need someone younger I can pay less." Mora, 597 F.3d at 1203. A co-worker overheard the supervisor say to the plaintiff "you are very old, you are very inept. What you should be doing is taking care of old people. They really need you. I need somebody younger that I can pay less and I can control." Id. The supervisor had also told another employee that the plaintiff "is too old to be working

here anyway." Id. These statements cannot be characterized as anything other than discriminatory and specifically reference the employee's age and the employee's job with respect to age. Conversely, here, the statements the Plaintiff proffers can be characterized as polite conversation, do not reference the Plaintiff's capability, and only once connect the Plaintiff's age with her employment. The statements made to the Plaintiff surrounding her termination do not raise an issue of fact that her age was the sole cause of her termination. Accordingly, the Plaintiff has not established that her age was the but-for reason for her termination, and has therefore not satisfied the Gross standard.

The Supreme Court's decision in Gross left open the possibility that ADEA claims can be brought under the McDonnell Douglas burden-shifting framework. See Hawthorne, 448 Fed. Appx. at 968. This framework requires the Plaintiff to make a prima facie showing that she: (1) is a member of a protected class; (2) suffered an adverse employment action; (3) was replaced by a substantially younger person; and (4) was qualified for the position. Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1359 (11th Cir. 1999). Proof of a prima facie case raises a presumption of illegal discrimination. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981); Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).

Here, it is not disputed that the Plaintiff was 50 years old – within the protected class – when she was terminated. The Plaintiff contends she was replaced by someone seven years her junior.[1] Although the Plaintiff was terminated for gross misconduct, the Court will assume she was qualified for the job because she had worked at Wal-Mart for 12 years and had held the position of Training Coordinator for about two years. (See Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J. ¶ 3). Accordingly, the Plaintiff has made a prima facie showing of age discrimination.

Because the Plaintiff has made a prima facie showing, the burden shifts to the Defendant to demonstrate a legitimate, non-discriminatory reason for the employment decision. See McDonnell Douglas Corp., 411 U.S. at 802. This burden is

---

[1] The Plaintiff appears to argue that she was replaced by Linda Taylor who is seven years her junior and who was purportedly not terminated for committing the same infractions. (See Pl.'s Brief in Opp. to Def.'s Mot. for Summ J. at 1). However, Taylor held the position of Store Personnel Manager, a wholly separate job from the Plaintiff's. Further, the Plaintiff has produced no evidence showing that Taylor took tests for prospective applicants or that Wal-Mart was aware of Taylor taking tests for prospective applicants. Additionally, the Plaintiff's claim that Taylor was treated more favorable because she had her own office is inapposite because Taylor and the Plaintiff were performing different jobs. (See Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J. ¶¶ 86-89; Pl.'s Resp. to Statement of Undisputed Material Facts in Supp. of Def.'s Mot. for Summ. J. ¶¶ 86-89). Nevertheless, the Plaintiff contends she was replaced by someone seven years younger. (See Pl.'s Brief in Opp. to Def.'s Mot. for Summ J. at 11) (stating that the Plaintiff "was replaced by an employee 7 years her junior."). For this Order, the Court will assume that the Plaintiff was in fact replaced by someone seven years younger.

"exceedingly light." Holifield v. Reno, 115 F.3d 1555, 1564 (11th Cir. 1997). If the employer articulates such a reason, the plaintiff has the opportunity to demonstrate that this reason is merely a pretext for discrimination. Pretext may be demonstrated either through additional evidence showing "the employer's proffered explanation is unworthy of credence," Burdine, 450 U.S. at 256, or by relying solely on the same evidence that comprised the prima facie case. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993). In reviewing the defendant's explanation, however, the Court cannot usurp an employer's legitimate business judgment in the absence of evidence of discrimination. E.E.O.C. v. Total Sys. Servs., Inc., 221 F.3d 1171, 1176 (11th Cir. 2000). Indeed, once a defendant proffers legitimate nondiscriminatory reasons for its actions, "[i]n order to avoid summary judgment, a plaintiff must produce sufficient evidence for a reasonable factfinder to conclude that each of the employer's proffered nondiscriminatory reasons is pretextual." Chapman, 229 F.3d at 1037; accord White v. Verizon South, Inc., 299 F. Supp. 2d 1235, 1241 (M.D. Ala. 2003). In other words, the plaintiff must be able to show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997)). Importantly, "a reason is not pretext

for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." Springer v. Convergys Customer Mgmt. Group Inc., 509 F.3d 1344, 1349 (11th Cir. 2007) (quoting Brooks v. County Comm'n of Jefferson County, 446 F.3d 1160, 1163 (11th Cir. 2006) (internal quotation marks omitted)).

Here, the Defendant argues that the Plaintiff was terminated for gross misconduct after she tampered with employment applications. The Plaintiff states that she was told to tamper with the applications and that such tampering was fairly common practice. The Plaintiff contends that the Defendant condoned the altering of the applications and used the altered applications as a pretext to terminate her because of her age.

The Plaintiff has not met her burden of showing that Wal-Mart's reasons for her termination could be found "unworthy of credence." See Cooper, 390 F.3d at 725. In her declaration, the Plaintiff states that her supervisors essentially ordered her to alter the applications because the decision had already been made to hire the applicants. The declaration offers specific statements from Nowden to the Plaintiff stating that the Plaintiff should do "whatever it takes to make [the hiring of the applicant] happen." (Austin Decl. ¶ 7). However, in her deposition testimony, the Plaintiff stated that she could not remember specific conversations with Nowden.

(Austin Dep. at 101). Likewise, the Plaintiff could not recall a conversation with Shope during her deposition, but in her declaration she states that Shope specifically told her to "fix it" when an applicant was not qualified after an assessment test. (See Austin Decl. ¶ 8). The Plaintiff did not mention these conversations in the interview with Victer preceding her termination. (See Victer Dep. at 41, 44). She also did not mention them in her June 2008 post-termination complaint to Wal-Mart. (Austin Dep. at 105-113). These inconsistencies undermine the Plaintiff's attempt to establish a pretext for her termination.

Additionally, the Plaintiff's story is not supported by the deposition testimony of any other participant in this case. The Plaintiff contends that Linda Taylor frequently took assessment tests for applicants, but admitted in her deposition that she has no evidence of Taylor's actions. (See Austin Dep. at 138-40). Nowden similarly testified that she was unaware of Taylor taking assessment tests for others. (See Nowden Dep. at 10). Further, the Plaintiff has not undermined the conduct of Taylor and Jones, who independently discovered the Plaintiff's application tampering and advised their supervisors. (See Jones Dep. at 7).

In Elrod v. Sears, Roebuck and Co., 939 F.2d 1466 (11th Cir. 1991), a plaintiff alleged he was terminated because of his age but the defendant argued the termination was the result of the plaintiff's failure to adhere to company policy with respect to

sexual harassment. The plaintiff argued that his dismissal for sexual harassment was pretext for age discrimination. The court disagreed and noted that if the employer terminated the plaintiff for what the employer believed to be a fatal infraction the allegations of discrimination fail even if the employer's belief was incorrect. See id. at 1470. As here, the employer in Elrod terminated the plaintiff after an investigation. The court noted it was undisputed that a co-worker had conducted interviews with respect to the plaintiff's alleged harassment, had believed the charges of harassment, and had forwarded the results of the investigation up the chain. Id. The court reversed a jury verdict in favor of the plaintiff, noting that the plaintiff "may have convinced the jury that the allegations against him were untrue, but he certainly did not present evidence that [defendant's] asserted belief in those allegations was unworthy of credence." Id. at 1471. The court concluded that because the plaintiff "has presented insufficient evidence that the nondiscriminatory reason is unworthy of credence or that age more likely than not was a motivating factor, the jury's verdict cannot stand." Id.

Here, as in Elrod, the Plaintiff was terminated following an investigation initiated by her co-workers, Jones and Taylor, supported by evidence including video footage, and bolstered by the Plaintiff's confession. In essence, the Plaintiff is arguing that Jones, Taylor, Nowden, Victer, and others collaborated to catch the Plaintiff

committing gross misconduct in order to terminate her for her age, even though they did not actually believe the Plaintiff's actions were cause for termination. The Plaintiff has provided no evidence suggesting a scheme of any sort. Even incorporating the Plaintiff's declaration, Nowden and Shope's tentative approval of the Plaintiff's application tampering does not undermine the good-faith beliefs of Jones, Taylor, Victer, or even Nowden that the Plaintiff committed gross misconduct in violation of company policy.

The Plaintiff has admitted she altered applications but states that many other employees committed the same infractions. The Plaintiff's evidence in this respect consists of testimony from Shope stating that sometimes associates help applicants take tests, as well as the statements from Shope and Nowden recited in the Plaintiff's declaration. The Plaintiff has not provided evidence of other similarly situated employees who were also caught on video taking tests under false social security numbers for prospective applicants who were not terminated. And even if she had produced relevant evidence, "demonstrating deviation from company policy alone is not sufficient; a plaintiff's showing that an employer's reason for not following a company policy was pretextual does not establish intentional discrimination without a finding that the employer acted because of [gender]." Mercer v. Perdue Farms, Inc., No. 5:10-cv-324, 2012 U.S. Dist. LEXIS 2078, at *23 (M.D. Ga. Jan. 9, 2012)

(quoting Ash v. Tyson Foods, Inc., 129 F. Appx. 529, 533 (11th Cir. 2005)). Even if the Plaintiff had shown Wal-Mart did not terminate every employee who tampered with an assessment test, she is unable to show that she was fired due to her age. See Springer, 509 F.3d at 1349 (requiring that the reason for termination be pretextual and that the actual reason be discriminatory). As discussed above with respect to the Gross standard, even if her gross misconduct was the false reason for her termination, the sparse statements offered by the Plaintiff regarding her age do not establish that she was terminated because of her age. Accordingly, the Plaintiff has not rebutted the Defendant's proffered reason for the Plaintiff's termination and has not carried her burden under the McDonnell Douglas framework.

The Plaintiff has not met her burden in establishing discrimination under the ADEA through either direct evidence, the Gross standard, or the McDonnell Douglas standard. Accordingly, the Defendant's motion for summary judgment should be granted.[2]

---

[2] The Defendant also filed a Motion to Strike the Declaration of Nancy C. Austin. Because the Court concludes that the Plaintiff has not met her burden even with her declaration, the Defendant's motion to strike should be denied as moot.

## IV.  Conclusion

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 47] is GRANTED and the Defendant's Motion to Strike the Declaration of Plaintiff Nancy C. Austin [Doc. 54] is DENIED AS MOOT.

SO ORDERED, this 11 day of December, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge